[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16182
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-00106-CV-RWS-2

GARLAND REYNOLDS, JR.,
As Administrator of the Estate of
Matthew John Reynolds,
BONNIE J. REYNOLDS,
as Surviving Parent of Matthew John
Reynolds,
GARLAND REYNOLDS, JR.,
as Surviving Parent of Matthew John
Reynolds,
GARLAND REYNOLDS, JR.,
Individually and as Husband of Bonnie
J. Reynolds,
BONNIE J. REYNOLDS,
Individually,

Plaintiffs-Appellees,

versus

GENERAL MOTORS CORPORATION,
a Foreign Corporation,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 5, 2010)

Before DUBINA, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

After a jury verdict for the Reynolds in a products liability case arising out of a rollover in a 1995 Chevrolet Blazer, General Motors Corporation ("GM") appealed.

The issues presented on appeal are:

(1) Whether the district court erred by instructing the jury on crashworthiness.

(2) Whether the district court erred in denying GM's motion for judgment as a matter of law on the plaintiffs' stability claim.

(3) Whether the district court erred in denying GM's motion for judgment as a matter of law on the plaintiffs' failure-to-warn claim.

(4) Whether the district court abused its discretion by excluding evidence of seatbelt nonuse.

(5) Whether the district court abused its discretion by admitting a video

2

showing driving tests.

(6) Whether the district court abused its discretion by excluding video clips of, and prohibiting cross-examination regarding, other driving tests conducted by the same driver.

Several standards of review govern this appeal. Although we review jury instructions *de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party, the district court is afforded wide discretion with respect to the instructions' style and wording as long as the instructions accurately reflect the law. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1283 (11th Cir. 2008). We review *de novo* a district court's decision to deny a Rule 50 motion for judgment as a matter of law and to instead submit the issue to a jury. See Abel v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000). A district court's evidentiary rulings are reviewed for abuse of discretion. See United States v. Henderson, 409 F.3d 1293, 1297 (11th Cir. 2005).

After reading the parties' briefs, reviewing the record, and having the benefit of oral argument, we affirm. The crashworthiness instruction was an accurate statement of Georgia law, and the instruction was not so misleading as to prejudice GM. In light of the evidence presented at trial, the district court did not err in submitting the stability and failure-to-warn claims to the jury.

With respect to the claimed evidentiary errors, we are not persuaded that any of the challenged decisions amounted to an abuse of discretion. The exclusion of seatbelt nonuse was consistent with O.C.G.A. § 40-8-76.1 and due process. GM has not carried its burden of showing that there was no competent evidence to support the district court's determination that the test video was properly authenticated. Finally, the district court properly exercised its discretion in excluding evidence related to the tipping of other vehicles, because the introduction of such evidence likely would have led to extensive discussion of collateral matters and confused the jury.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**